NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009- 5040

JAMES E. POOLE,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.


James E. Poole, of Rockbridge Bath, Virginia, pro se.

Michael D. Austin, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee.  With him on the brief were Jeanne E. Davidson, Director, and Brian M. Simkin, Deputy Director.

Appealed from:  United States Court of Federal Claims

Judge Nancy B. Firestone

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5040

JAMES E. POOLE,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 08-CV-291, Judge Nancy B. Firestone.

_____

DECIDED: May 6, 2009

_____

Before LINN, PROST, and MOORE, Circuit Judges.

PER CURIAM.

Appellant James E. Poole ("Poole") appeals an order of the United States Court of Federal Claims granting judgment on the administrative record in favor of the United States. Poole v. United States, No. 08-CV-291 (Ct. Fed. Cl. Dec. 15, 2008) ("Order"). Because the decision of the Court of Federal Claims is not arbitrary, capricious, contrary to law, or unsupported by substantial evidence, we affirm.

Poole joined the Virginia Army National Guard and eventually accepted Active Guard and Reserve ("AGR") status, which places a National Guard officer on full-time active duty. See 10 U.S.C. § 12310 (2006). In 1992, a promotion board decided not to

promote Poole from captain to major. Poole appealed this decision to the Army Board for Correction of Military Records ("Corrections Board"). The next year, another board promoted Poole to major in his reserve status. The Army issued Poole a letter dated May 3, 1993 that listed his promotion eligibility date as September 22, 1993. Poole's promotion was as a "Reserve Commissioned Officer Not on Active Duty," meaning he could not accept his promotion immediately without leaving active duty. On July 7, 1993, the Corrections Board ordered that Poole's records be corrected to reflect that he met the requirements for promotion in 1992. On August 18, 1993, the Army issued Poole another letter nearly identical to the May 3, 1993 letter, but listing Poole's promotion eligibility date as September 22, 1992. Poole claims he did not receive this second letter until April 12, 2005.

In a letter to the Army dated August 30, 1993, Poole elected to remain on active duty and deferred his promotion. Poole served on active duty until 1996, when he began to suffer mental disabilities. An informal Physical Evaluation Board ("PEB") placed Poole on the Temporary Disability Retirement List effective November 1, 1996, ending his active duty. See Order at 4. A formal PEB then permanently retired Poole for disability in his then-current rank of captain, effective October 6, 1998. In 1999, Poole unsuccessfully appealed to the Corrections Board for retroactive promotion to major. However, on October 25, 2002, the Army Physical Disability Agency promoted Poole to major retroactive to November 1, 1996 and retired him in that rank. Id.

Poole filed his current claim with the Court of Federal Claims on April 18, 2008, claiming that the determination of the Physical Disability Agency was wrong and that his promotion's effective date should have been September 22, 1992 instead of November

2009-5040                                    2

1, 1996, entitling him to back pay of approximately $30,000. The Government moved for judgment on the administrative record. The court granted the motion, finding that under Army Regulation 135-155 (1994), while Poole's promotion <u>eligibility</u> date was September 22, 1992, his promotion did not become <u>effective</u> (and provide pay) until 1996. <u>Id.</u> Poole appeals, and we have jurisdiction under 28 U.S.C. § 1295(a)(3) (2006).

We review a judgment on the administrative record by the Court of Federal Claims de novo. <u>Chambers v. United States</u>, 417 F.3d 1218, 1227 (Fed. Cir. 2005). We will not overturn a military board's decision unless it is arbitrary, capricious, contrary to law, or unsupported by substantial evidence. <u>Id.</u>

Poole's claim turns on the effective date of his promotion. Both letters sent to Poole explained that "[t]he effective date of the promotion will be the <u>later</u> of the following dates" (emphasis added): the listed date (either September 22, 1992 or 1993), the date Poole received federal promotion to major, or the date after his federal service ended. It is undisputed that the triggering event for Poole's promotion was his separation from active duty on November 1, 1996. Poole does not deny that he deferred his promotion in 1993 to remain on active duty, but insists that his promotion eligibility date (September 22, 1992) determines his pay.

The trial court held that Army Regulation 135-155 (1994) determines pay from a promotion's effective date, and that this date differs from the eligibility date. Paragraph 4-19 of the regulation states: "The effective date of promotion is the date the officer is eligible for pay and allowances." For AGR officers like Poole, paragraph 4-19(d) explains that "[a]n AGR officer who is not attached to a position in the higher grade will be promoted <u>effective</u> on the date of reattachment to a higher graded position <u>or the day</u>

after release from AGR status" (emphases added).  The preamble to paragraph 4-19 also states that "the latest date shown will be used to compute the date of promotion."  These rules, like the conditions in Poole's promotion letters, determine Poole's effective promotion date based on the date of his release from active duty.  Therefore, the Army correctly found that Poole's eligibility for pay as a major began on November 1, 1996.

Poole uses other regulation language in paragraph 4-15(b) to argue that his promotion eligibility date determines his pay.  However, this argument ignores the regulation's distinction between eligibility and effective dates.  Paragraph 4-15 defines two other promotion-related dates—the "promotion eligibility date" ("PED"), and the "date of rank" ("DOR")—but states that these dates are used to determine "relative seniority," not pay and allowances.  Moreover, while paragraph 4-19(d) states that "AGR officers will be promoted effective on their PED," this happens only "provided they are attached to a position in the higher grade."  Poole was not attached to a position in a higher grade during federal active duty, so his promotion's effective date is not the eligibility date, but the day after he left active duty.

Poole also contends that even though he deferred the promotion described in the May 3, 1993 letter, he "still ha[s] the right to accept or delay" the promotion described in the August 18, 1993 letter he received in 2005.  This argument fails for at least two reasons.  First, Poole does not explain how he can accept the same rank increase (from captain to major) twice.  Second, both letters calculate the promotion's "effective date" in the same way—as the day after Poole left active duty.  Either way, the effective date can be no earlier than November 1, 1996.

For the foregoing reasons, the decision of the Court of Federal Claims is affirmed.